FILED

2003 OCT 31 P 3: 53

US DISTRICT COURT
UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROBERT SALATTO           :
    PLAINTIFF            :
                                :     CASE NO.: 3:00CV378 (SRU)
VS.                            :
                                :
LEO BOMBALICKI          :
    DEFENDANT           :     OCTOBER 31, 2003

## PLAINTIFF'S FINAL PRE-TRIAL ORDER

The parties hereby submit a Pre-Trial Order, as required by the standing Rules and Rule 6 of the Local Rules of Civil Procedure.

1. **Trial Counsel:**

   *Plaintiff:*
   Michael P. Farrell
   201 Center Street
   West Haven, CT 06516
   Telephone: 203 934-8638; FAX 203 937-1761

   *Defendant:*
   Rene Martineau
   Del Sole and Del Sole
   46 South Whittlesley Avenue
   Wallingford, CT 06492
   Telephone: 203 785-8500; FAX 203 284-9800

2. **Jurisdiction:**

   28 U.S.C. §1331, 1334(3), 1367(a); 42 U.S.C. § 1983, 1988.

3. **Jury-Nonjury:**

   This is a jury case.

4. **Length of Trial:**

   One-two days.

5. **Further Proceedings:**

   Further proceedings may be needed prior to trial, concerning Motions In Limine filed by Plaintiff concerning prior arrests of Plaintiff.

6. **Nature of Case:**

   This is a claim for false arrest, assault and battery, and false imprisonment.

7. **Trial by Magistrate Judge:**

   Plaintiff does not consent to Trial by Magistrate Judge.

8. **List of Witnesses:**

   Plaintiff expects to call the following witnesses:

   The PLAINTIFF, Robert Salatto, Jr., 14 Svea Avenue, Branford, Connecticut 06405.

   Cheryle Inclima, 197 Washington Avenue, Third Floor, West Haven, Connecticut 06516.

   Gino Ferrie, 119 Cedar Street, New Haven, Connecticut 06510.

   Robert Salatto will testify as to the facts and circumstances at the time of the arrest.

   Cheryl Inclima will testify as to the facts of circumstances at the time of the arrest.

Gino Ferrie will testify as to the facts and circumstances at the time of the arrest. The Plaintiff further expects to submit expert witnesses in the form of medical reports from Yale-New Haven Hospital concerning the injuries to the Plaintiff.

9. **Deposition Testimony:**

Plaintiff does not expect to submit any deposition testimony.

10. **Exhibits:**

P1. Medical reports of Plaintiff Robert Salatto, dated 02-26-1998, at Yale-New Haven Hospital.

P2. Case incident report of arrest, dated 02-26-1998, Complaint #12342.

P3. Bill of visit to Yale-New Haven Hospital for the date of the incident.

11. **Anticipated Evidentiary Problems/Motions In Limine:**

Plaintiff has previously submitted a Motion In Limine concerning history of arrests and prior "bad acts" of the Plaintiff.

12. **Stipulations of Fact and Law:**

Counsel for the parties are unable to agree on any issues exclusive of the fact that the Plaintiff was arrested at the time and date listed in the police report.

13. **Trial to Court/Jury:**

    (b)    Jury.

           (1)    **Proposed Voir Dire Questions:**

                See attached.

           (2)    **Proposed Jury Instructions:**

                See attached.

           (3)    **Jury Interrogatories/Proposed Verdict Form:**

                See attached.

14. **Availability of Witnesses:**

Witness for the Plaintiff are available.

 

                                            THE PLAINTIFF

                                    BY: _____
                                         Michael P. Farrell
                                         Attorney and Counselor at Law
                                         201 Center Street
                                         West Haven, CT 06516
                                         Tel. No. (203) 934-8638
                                         Federal ID: CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROBERT SALATTO
    PLAINTIFF

VS.                                           CASE NO.: 3:00CV378 (SRU)

LEO BOMBALICKI
    DEFENDANT                     OCTOBER 31, 2003

## **PROPOSED VOIR DIRE**

1. Does anyone have a close relationship with police officers?

2. Is anyone employed by a police service organization?

3. Does anyone have any strong reasons they would not sit on a jury of this type?

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROBERT SALATTO              :
    PLAINTIFF                :
                           :   CASE NO.: 3:00CV378 (SRU)
VS.                          :
                           :
LEO BOMBALICKI           :
    DEFENDANT          :   OCTOBER 31, 2003

## PROPOSED JURY INSTRUCTIONS

I.   *The Plaintiff's Claims:*

The Plaintiff has brought this case against the Defendant, seeking damages for the injuries allegedly suffered by him on February 27, 1998.

The Plaintiff's claim against the Defendant is based upon a Federal civil rights statute. Under this legal theory, the Plaintiff is seeking redress for the alleged violations under his rights under the United States Constitution.

**Instructions Relating to the Federal Civil Rights Claim**

II   *Civil Rights Act*

Federal law provides that any individual may seek redress in this court, by way of money damages, against any person or persons who, under color of State law, deprive

that individual of any of his Constitutional rights.

III. *The Constitutional Rights Violated*

The Constitutional rights that the Plaintiff claims the Defendant violated are these:

a. The right to be free from the use of excessive force during an arrest; and

b. The right to be arrested only upon probable cause.

IV *General Elements of Civil Rights Claim*

In order to prove his claim, the burden is on the Plaintiff to prove each of the following by a preponderance of the evidence:

a. That the Defendant committed acts that violated the Plaintiff's Federal Constitutional rights that have been described to you;

b. That, in doing so, the Defendant acted under color of the laws of the State of Connecticut; and

c. That the Defendant's acts were the legal cause of the Plaintiff's damages.

V. *Color of Law*

First, let me explain to you what acting under color of law means. "Acting under color of law" means "under pretense of law," and simply means acting in one's capacity as a police officer. There is really no dispute that at the time of this incident, the Defendant was a police officer in the City of New Haven, acting in his official capacities. The Plaintiff does not have to prove that the Defendant was acting within

the law. If he was acting as a police officer, then he was acting under the color of law.

VI.  *No Intent*

Intent is not an element in this Civil Rights claim. It is not necessary to find that the Defendant had any specific intent to deprive the Plaintiff of his civil rights in order to find in favor of the Plaintiff. The Plaintiff is entitled to relief if the defendant intended the actions that resulted in a violation of the Plaintiff's rights. If you find that the Defendant was merely negligent or failed to exercise due care, however, that is insufficient to establish a civil rights violation.

VII. *Unreasonable and Excessive Force – Defined*

The Plaintiff first claims that excessive force was used by the defendant in connection with his arrest. A person, even if he is being lawfully arrested, has a Constitutional right to be free of excessive force. An officer, on the other hand, is entitled to use such force as a reasonable person would think is required to protect the officer, protect a third party, and to take one who is arrested into custody. The particular use of force by a police officer must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. Your assessment of reasonableness must allow for the fact that officers are often

forced to make split-second judgments, in circumstances that are tense, uncertain, rapidly evolving, and oftentimes chaotic, about the amount of force that is necessary in a particular situation. In this vein, I must caution you that not every push, pull, or shove, even if it may later seem unnecessary in the peace of a judge's chambers or in a courtroom, violates the Constitution so as to give rise to a cause of action for excessive force.

VIII. *Unlawful Arrest – Defined*

The Plaintiff's other Constitutional claim is that he was arrested without probable cause. Under the United States Constitution, police officers may not arrest a person unless they have probable cause to believe that a crime has been committed in their presence by that person. To justify an arrest, it must appear that the arresting officer had reasonable grounds to believe that a crime had probably been committed, and that the person arrested committed it.

In determining whether an officer had reasonable grounds to believe that a person has committed an offense, the facts known to him need not meet the standard of conclusiveness upon which a conviction must be based. It is not for you to decide whether the Plaintiff actually committed the offenses, but whether a reasonable person, under the same circumstances, would have had reasonable grounds for

believing that a crime had been, or was being, committed and that the accused had committed, or was committing, the offense.

In considering whether the police officer had a reasonable belief that probable cause existed to arrest the Plaintiff, you may consider not only the charges that were actually brought upon the Plaintiff, larceny and interfering, but also the any charges that reasonably could have been brought against the Plaintiff. If probable cause existed for the arrest of the Plaintiff for any crime, then the arrest did not violate the Plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures.

IX   *Causation*

As you may recall when I began these instructions, I stated that, in order for the Plaintiff to prove his claims, the burden is upon him to prove three elements by a preponderance of the evidence – two of which I have already described to you, that is: (1) that the Defendant committed acts that violated one or more of the Plaintiff's Federal Constitution rights, and (2) that in doing so, the Defendant acted under color of the laws of the State of Connecticut. Now, the third element that the Plaintiff has the burden of proving by a preponderance of the evidence is that the Defendant's acts were the legal cause of the Plaintiff's damages.

An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence in the act or omission.

**Instructions on Damages**

X.  *Multiple Claims*

The purpose of the law of damages is to award, as far as possible, just and fair compensation. For example, if the Plaintiff were to prevail on two claims and establish a single dollar injury resulting from those two claims, you could not award compensatory damages on each claim; the Plaintiff is only entitled to be made whole again, not to recover more than he lost. Of course, if separate injuries are attributed to separate claims, then you must compensate the Plaintiff fully for all of the injuries.

XI.  *Compensatory Damages – In General*

If you decide for the Plaintiff on the issue of liability, you must then fix the amount of money damages that will reasonably and fairly compensate him for any harm about which the wrongful conduct of the Defendant was a substantial factor in bringing.

These are known as compensatory damages. Compensatory damages seek to make the Plaintiff whole, that is, to compensate him for the damages that he has suffered.

Among the elements of injury and harm which you should
(1) The loss of past earnings and impairment of future earning capacity;

(2) The physical harm to the Plaintiff during and after the impairment, including ill health, physical pain, disability, disfigurement, or discomfort, and any such physical pain, disability, and discomfort that the Plaintiff will, with reasonable certainty, suffer in the future;

(3) The reasonable expense of medical or psychological care, treatment, and services required and received by the Plaintiff in connection with his physical and psychological injuries, and the expenses for medical or psychological care that will be reasonably incurred in the future; and

(4) The extent and duration of the injuries, including his continuation in the future.

(5) You may not award, as a component of compensatory damages, any sum intended to cover the attorney's fees that may have been incurred by the Plaintiff. That issue will be dealt with in a separate proceeding.

XII. *Nominal Damages*

If you find, after considering all of the evidence presented, that the Defendant violated the Plaintiff's rights or breached a duty owed to him, but that he suffered no injury as a result of the violation or breach, you may award the Plaintiff "nominal damages." Nominal damages are awarded as recognition that the Plaintiff's rights have been violated. You would award nominal damages if you conclude that the

only injury that the Plaintiff suffered was in the deprivation of his Constitutional rights without any resulting physical, emotional, or financial damage.

You may not award both nominal and compensatory damages to the Plaintiff; either the Plaintiff was tangibly injured, in which case you must award compensatory damages, or else the Plaintiff was not, in which case you may award nominal damages, such as one dollar. However, the award of a nominal sum would not preclude your awarding punitive damages in such amount as you deem appropriate, if you find that the award of punitive damages is justified under the following instructions.

XIII.  *Punitive Damages*

In addition to awarding actual damages, that is, compensatory damages to a Plaintiff, the law permits the jury, under certain circumstances, to award the injured persons punitive or exemplary damages, in order to punish the wrongdoer for some extraordinary conduct, and to serve as a warning to others not to engage in such conduct. Punitive damages are intended to protect the community and to be an expression of the jury's indignation at the misconduct.

If you find from a preponderance of the evidence in the case that the Plaintiff is entitled to a verdict for actual or compensatory damages, and you further find that the

act or omission of the Defendant, which proximately caused actual injury or damage to the Plaintiff, was maliciously or wantonly or oppressively done, then you may add to the award of actual damages such amount as you shall unanimously agree to be proper, as punitive and exemplary damages.

An act or a failure to act is "maliciously" done, if prompted or accompanied by ill will or spite.

An act or failure to act is "wantonly" done, if done in reckless or callous disregard of the rights of one or more persons, including the injured person.

Whether you decide to award any punitive damages should be based on whether you find that the Defendant acted willfully, deliberately, maliciously, or with reckless disregard of the Plaintiff's rights. If you find that he has done one of those things, then you should award punitive damages.

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

ROBERT SALATTO  :
    PLAINTIFF  :
  : CASE NO.: 3:00CV378 (SRU)
VS.  :
  :
LEO BOMBALICKI  :
    DEFENDANT  : OCTOBER 31, 2003

### JURY INTERROGATORIES/PROPOSED VERDICT FORM

1. Do you find that the Defendant, Leo Bombalicki, used unreasonable force in arresting the Plaintiff, Robert Salatto?

   Yes  _____

   No   _____

2. If your answer to #1 is Yes, proceed to Interrogatory #5.

3. Do you find that the Defendant, Leo Bombalicki, arrested the Plaintiff without probable cause?

15 of 16

10/31/03

This is to certify that on 10/31/03 I mailed a copy of the enclosed to Rene Martineau, counsel for the defendant, postage prepaid.

MICHAEL P FARRELL